UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| POW NEVADA, LLC, <br><br> Plaintiff, <br> v. <br><br> DOE 1, et al., <br><br> Defendants. | Case No. C17-1213RSM <br><br> ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXTEND TIME TO SERVE THE COMPLAINT |

This matter is before the Court on Plaintiff POW Nevada LLC's ("POW") motion for an extension of time to serve its Amended Complaint. Dkt. #20. Because POW filed suit on August 10, 2017, it has until November 8, 2017, to serve its Amended Complaint. *See* FED. R. CIV. P. 4(m). Despite the provision of 90 days to serve defendants, POW contends that because it mailed its Rule 4(d) requests for waiver of service on October 6, 2017, defendants have until November 6, 2017, to waive service. *See Id*. 4(d)(1)(F). Consequently, if defendants do not waive service, POW will only have two days to complete service by November 8, 2017. POW now asks the Court for a three-week extension of time to serve its Amended Complaint. Dkt. #20 at 3–4. For the reasons stated herein the Court GRANTS in part and DENIES in part POW's motion.

ORDER — 1

POW filed suit on August 10, 2017. *See* Dkt. #1. In its Complaint, POW alleged twelve Doe Defendants participated in the same BitTorrent "swarm" to infringe the same unique copy of the movie *Revolt*. *Id*. ¶¶ 10–14. Because the identities of the Doe Defendants were unknown, POW filed, and the Court granted in part and denied in part, a motion for limited expedited discovery. Dkts. #5 and #8. The limited expedited discovery allowed POW to serve Rule 45 subpoenas on identified Internet Service Providers ("ISP"s) who would then provide POW with customer information associated with particular Internet Protocol ("IP") addresses. POW's motion for expedited discovery was granted in part on August 15, 2017; POW served the ISPs with Rule 45 subpoenas that same day. *See* Dkts. #8 and #20 at 2. The ISPs produced the requested subscriber information on September 22, 2017, and, thirteen days later, on October 5, 2017, POW filed its Amended Complaint with the Court. *See* Dkts. #18 and #20 at 2. POW mailed its Rule 4(d) waiver requests on October 6, 2017. Dkt. #20 at 3.

While courts must extend the time for service if plaintiffs show good cause for failure to serve within the required timeframe, POW has not shown good cause exists to grant it a three-week extension. *See* FED. R. CIV. P. 4(m). Although POW could have avoided its current motion by timely mailing its Rule 4(d) waivers on September 23, 2017, POW instead waited two weeks, until October 6, 2017, to mail its requests. POW does not explain why it waited thirteen days after receiving its requested subscriber information to file its Amended Complaint. *See* Dkts. #20 at 2–4 and #21 ¶¶ 4–5. POW similarly does not explain why it waited fourteen days, until October 6, 2017, to mail its Rule 4(d) waivers. *Id*. The Court continues to acknowledge that a 90-day timeframe to identify and serve defendants in BitTorrent cases can be challenging. However, timely service can be accomplished if plaintiffs act promptly. Had POW mailed its Rule 4(d)

ORDER — 2

waiver requests on September 23, 2017, it would have had at least two weeks to serve defendants. Instead, POW's own actions have placed it in a precarious position.

Although the Court does not condone POW's failure to take prompt action, rather than dismiss the matter, the Court will grant POW a **fourteen-day extension**, within which to serve its Amended Complaint. However, in the future the Court may not grant extensions if POW does not explain why it fails to act promptly. POW must serve its Amended Complaint by November 22, 2017. POW's Motion for Extension of Time (Dkt. #20) is accordingly GRANTED in part and DENIED in part.

It is so ORDERED.

Dated this 31 day of October, 2017

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER — 3